IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02928-PAB-BNB

NICHOLAS E. SOUDERS,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
JOHN FERGUSON, Owner,
HOYT BRILL, Warden

Defendants.
_____

## ORDER
_____

This matter arises on the plaintiff's **Motion for Objection** [Doc. #15] (the "Motion").

The Motion is DENIED.

The Motion states the following:[1]

> Plaintiff, Nicholas E. Souders being Pro Se, would ask the
> Honorable United States District Court to move in favor of the
> Plaintiff, to object to dismiss civil action against Defendant's
> Correction Corperations of America as follows:
>
> 1. On February 12, 2010 Plaintiff files a motion to amend original
> filing of Complaint.
>
> 2. On February 23, 2010 an order was presented to plaintiff
> denying motion to amend.
>
> 3. On February 8, 2010 a motion was filed to object and reinstate
> the motion to amend, based on the fact that due to plaintiff being
> ignorded proper medical treatment in a timely manner, causing
> permanant damage. Which was directly ignored by medical staff

---

[1] I have quoted the Motion as written, without correction or acknowledgment of error.

> and responeable parties, John Ferguson, owner of CCA and Hoyt
> Brill, Warden.
>
> * * *
>
> In conclusion plaintiff ask the Honorable United States District
> Court to rule in favor of the plaintiff and allow a motion to amend
> be granted.

Contrary to the plaintiff's assertions, on February 12, 2010, the plaintiff filed a "Motion to Amend Previous Filing and Motion for Extension of Time" [Doc. #12] (the "Motion to Amend"). In his Motion to Amend, the plaintiff requested "this Honorable Court to grant motion for 30 day extension of time and motion to amend previous filing for 09CV02928."

On February 23, 2010, I issued an order denying the Motion to Amend. I stated:

> The defendants removed this case from the Kit Carson District
> Court on December 14, 2009. The plaintiff has not filed any
> papers with this court prior to filing the instant motions.
> Therefore, it is unclear what filing the plaintiff seeks to amend.
>
> A motion must "state with particularity the grounds for seeking the
> order" and "state the relief sought." Fed.R.Civ.P. 7(b)(1)(B) and
> (C). It is impossible to determine what relief is sought by the
> plaintiff. The Motion to Amend is DENIED.

*Order* issued February 23, 2010 [Doc. #14].

No filings were received by the court on February 8, 2010.

The plaintiff's confusing filings notwithstanding, it appears that he is attempting to amend his Complaint. The plaintiff may amend his Complaint "once as a matter of course within 21 days after serving it, or . . . 21 days after service of a motion under Rule 12(b)" Fed.R.Civ.P. 15(a).

This case was removed from the Kit Carson County District Court on December 14, 2009. On January 20, 2010, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the

2

Federal Rules of Civil Procedure. The plaintiff's Motion to Amend was not filed until February 12, 2010. Therefore, he may not file an amended complaint as a matter of course.

Instead, the plaintiff must either obtain consent from the defendants or file a motion seeking leave of court to amend his Complaint. If the plaintiff seeks leave of court to amend, his motion must detail the proposed amendments and the reasons why such amendments are necessary. The plaintiff must attach a proposed amended complaint, entitled "Amended Complaint," to the motion. The plaintiff may not incorporate his original Complaint into the proposed amended complaint. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.[2]

I note that the plaintiff does not certify that copies of the Motion were served on the other parties or their attorneys. The local rules of this court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

Copies of papers filed in this court are to be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed.R.Civ.P. 5. Rule 5 provides that all

---

[2] The plaintiff must include in the proposed amended complaint all of the claims he intends to raise in this action because "an amended complaint supercedes the original complaint and renders the original complaint without legal effect." Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotations omitted). The plaintiff may not incorporate in his proposed amended complaint any claims or supporting allegations submitted to the court in his initial Complaint.

3

pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed.R.Civ.P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed.R.Civ.P. 5(b).

Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id. The plaintiff certifies that his Motion was served on the United States District Court, not on counsel for the defendants. Accordingly,

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE, subject to reassertion in compliance with the Federal Rules of Civil Procedure and this Order.

IT IS FURTHER ORDERED that the plaintiff shall effect service and provide a certificate of service for all future filings as required by the Federal Rules of Civil Procedure. Failure to do so may result in sanctions, including dismissal of this action.

Dated March 12, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge