IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02928-PAB-BNB

NICHOLAS E. SOUDERS,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
JOHN FERGUSON, Owner,
HOYT BRILL, Warden

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss** [Doc. #8, filed 01/20/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

On October 7, 2009, the plaintiff filed in the Kit Carson County District Court a paper entitled Medical Negligence (the "Complaint") [Doc. #1-3]. The defendants removed the case to this court on December 14, 2009 [Doc. #1-10]. The Complaint [Doc. #1-3] contains the following pertinent allegations:

1. The plaintiff is an inmate at the Kit Carson Correctional Facility. *Complaint*, p. 1. On August 23, 2008, the plaintiff received an injury to his left testicle while attempting to climb to the top bunk. Id. at p. 2, ¶ 1.

2. On November 14, 2008, the plaintiff submitted an Inmate Request (a "kite") to the medical department requesting medical treatment for pain in his testicles. Id. at ¶ 2.

3. On November 19, 2008, the plaintiff was examined by three nurses and told to return in two weeks to see if the swelling had subsided. Id. at ¶ 3. One of the nurses documented that the plaintiff did not have a fever or other signs of infection; the plaintiff was questioned extensively about his pain; he informed the nurse that the pain was very brief and infrequent, and it was determined that there was no need for pain medication; and the nurse indicated that the plaintiff could be suffering from a strain that would heal with time or a hernia that could be better identified with less swelling. Id. at Ex. B.

4. On November 21, 2008, the plaintiff submitted another kite to the medical department asking why he had to wait to see a doctor and why he had to wait for the swelling to

subside.  Id. at p. 2, ¶ 4.  A nurse replied that he was "scheduled for a follow up appointment the day [he was] seen."  Id. at Ex. C.

   5.  On November 28, 2008, the plaintiff signed Refusal of Treatment form refusing Tens therapy for his left testicle.  Id. at p. 2, ¶ 7 and Exs. F and Q.

   6.  On December 4, 2008, the plaintiff was seen by Dr. Tiona who believed there was fluid in the plaintiff's left testicle and that it should be drained "in a couple of days."  Id. at p. 2, ¶ 8.

   7.  On December 21, 2008, the plaintiff submitted a kite to Dr. Tiona stating that after the "last procedure," his testicle had increased in size.  Id. at ¶ 10.  Dr. Tiona replied that the ultra sound was approved; the pathology report was negative; the fluid was consistent with a hydrocele; and it is common for a hydrocele to refill with fluid even after it has been drained.  Id. at Ex. H.

   8.  On December 30, 2008, the plaintiff received an ultra sound.  Id. at ¶ 11.

   9.  On January 2, 2009, the plaintiff submitted a kite to Dr. Tiona asking for the status of the ultra sound.  Id. at ¶ 12.  Dr. Tiona replied that she would schedule him for a follow up; the ultrasound was consistent with a hydrocele; there were no testicular masses; and the plaintiff's pathology report was negative for cancer.  Id. at Ex. I.

   10.  On January 12, 2009, the plaintiff submitted a kite asking "when we can take the next step and schedule surgery since were only masking a problem and not fixing it."  Id. at p. 3, ¶ 13 and Ex. J.  Medical personnel responded that "elective repair of asymptomatic hydrocele is not currently a covered benefit, therefore a surgical consultation has not been requested."  Id. at Ex. J.

11. On February 23, 2009, the plaintiff submitted a kite to Dr. Tiona requesting medical treatment because "his injury continued to deteriorate." Id. at p. 3, ¶ 19. Medical personnel responded that the plaintiff had an appointment scheduled for that month. Id. at Ex. P.

12. On May 4, 2009, the plaintiff submitted a kite to the medical department requesting an appointment with Dr. Tiona and asking to have his left testicle drained. Id. at p. 3, ¶ 21. Dr. Tionna responded "I will get you on my schedule for that." Id. at Ex. R.

13. On May 19, 2009, the plaintiff signed a consent for Dr. Tiona to drain the hydrocele. Id. at p. 3, ¶ 22 and Ex. S.

14. On June 24, 2009, the plaintiff submitted a kite to Dr. Tiona requesting that his hydrocele be drained again. Dr. Tiona responded "I will put you on my procedure schedule to have your hydrocele drained." Id. at p. 3, ¶ 23 and Ex. T.

15. On July 24, 2009, the plaintiff received a response to a kite requesting "the status on [his] procedure." Medical personnel responded that "[a]s Dr. Tiona explained - the insurance denied the procedure." Id. at p. 3, ¶ 24 and Ex. U.

16. On September 7, 2009, the plaintiff submitted a kite to the medical department requesting to have his left testicle drained. Dr. Tiona replied that "[t]he recommendation from the PHP physician was to stop draining the hydrocele to evaluate how much accumulation will occur over time." Id. at p. 3, ¶ 25 and Ex. V.

The plaintiff claims that the "respondent" was negligent and deliberately indifferent for failing to provide proper medical treatment. Id. at p. 4, ¶¶ 26, 28. I construe the Complaint as

alleging a claim for deliberate indifference to medical needs in violation of the Eighth Amendment and a claim for negligence under state law.[1]

### III.  ANALYSIS

#### A.  Constitutional Claim

This action is brought in part under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

#### 1.  Defendant Corrections Corporation of America

The defendants assert that defendant Corrections Corporation of America ("CCA") must be dismissed because the plaintiff has failed to state a claim against it. *Motion*, pp. 2-4. In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. Id. at 690. A custom is a "persistent and widespread

---

[1] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

... practice[] of ... officials." Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

"[I]t is now well settled that Monell also extends to private defendants sued under § 1983." Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943, 946 (10th Cir. 2005) (citing Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir.2003)). "As such, a private actor such as CCA 'cannot be held liable solely because it employs a tortfeasor--or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" Id. (citing Monell, 436 U.S. at 691).

The Complaint does not allege that any custom or policy of CCA is responsible for the deprivation of the plaintiff's constitutional rights. The Motion should be granted to the extent it seeks dismissal of the Eighth Amendment claim against CCA.

### 2. Defendants John Ferguson and Hoyt Brill

The defendants seek dismissal of the constitutional claims against defendants Ferguson and Brill on the basis that the plaintiff has not alleged any personal participation by these defendants. *Motion*, pp. 4-5. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362,

371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff does not allege that defendants Ferguson and Brill were directly responsible for violating his Eighth Amendment rights. The Motion should be granted insofar as it seeks dismissal of the Eighth Amendment claims against them.

### B.  State Law Claim

The plaintiff alleges that the defendants were negligent. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state tort claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff has failed to allege a claim under the Eighth Amendment, I recommend that the Court decline to exercise supplemental jurisdiction over the remaining state tort claim.

### IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that this case be dismissed in its entirety.

I further RECOMMEND that the plaintiff's Eighth Amendment claim be DISMISSED WITH PREJUDICE as against all defendants and that the plaintiff's state law negligence claim be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 2, 2010.

                                       BY THE COURT:

                                       <u>s/ Boyd N. Boland</u>
                                       United States Magistrate Judge